Paul M. Fakler (PF-0249)
Julie Stark (JS-8925)
Amanda J. Schaffer (AS-2004)
MOSES & SINGER LLP
405 Lexington Avenue
New York, New York 10174-1299
Tel.: 212-554-7800
Fax: 212-554-7700
pfakler@mosessinger.com
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
LYNN GOLDSMITH,                                              :
                                                             :
                    Plaintiff,                               :
                                                             :   07 CV 6089 (SAS) (AJP)
        - against -                                          :
                                                             :   **ANSWER**
WOLFGANG'S VAULT,                                            :
                                                             :
                    Defendant.                               :   Filed via ECF
                                                             :
------------------------------------------------------------ X

Pursuant to Fed. R. Civ. P. 8(b) and 12, Defendant, Bill Graham Archives, LLC, d/b/a Wolfgang's Vault ("BGA"), hereby answers Plaintiff's Complaint. In response to all paragraphs of Plaintiff's Complaint, BGA denies each and every allegation except as expressly admitted herein. BGA responds specifically to Plaintiff's averments as follows:

## JURISDICTION

1.    The allegations contained in Paragraph 1 are legal conclusions, which do not require responsive pleading.

**THE PARTIES**

2. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint, and on that ground denies those allegations.

3. Denies the allegations contained in Paragraph 3 of the Complaint, except admits that BGA does business under the trade name Wolfgang's Vault, that BGA has its principal place of business at 149 Bluxome Street, San Francisco, CA 94107, and that BGA sells poster art, clothing, vintage concert tickets and other music related merchandise through its website at www.wolfgangsvault.com.

**COUNT I**
**COPYRIGHT INFRINGEMENT**

4. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint, and on that ground denies those allegations.

5. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint, and on that ground denies those allegations.

6. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6of the Complaint, and on that ground denies those allegations.

7. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint, and on that ground denies those allegations.

8. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint, and on that ground denies those allegations.

9. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint, and on that ground denies those allegations.

10. Admits that BGA displayed on its website thumbnail images of various vintage memorabilia indicated on Exhibit A, which memorabilia incorporates certain photographs of musical artists, in connection with the lawful sale of such vintage memorabilia. BGA further admits that it did not request or receive Plaintiff's authorization for such display and further avers that no authorization was necessary. BGA denies the remaining allegations contained in Paragraph 10.

11. Denies the allegations contained in Paragraph 11.

12. Denies the allegations contained in Paragraph 12.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (FAILURE TO STATE A CLAIM)

13.     Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
### (FIRST SALE DOCTRINE / EXHAUSTION)

14.     Plaintiff's claims are barred by the first sale doctrine, or exhaustion, including as provided by 17 U.S.C. § 109.

### THIRD AFFIRMATIVE DEFENSE
### (FAIR USE)

15.     Plaintiff's claims are barred by the defense of fair use.

### FOURTH AFFIRMATIVE DEFENSE
### (LACK OF SUBJECT MATTER JURISDICTION)

16.     Plaintiff's claims are barred by lack of subject matter jurisdiction because, upon information and belief, Plaintiff does not own the copyrights at issue and does not have valid certificates of copyright registration for each copyright at issue.

### FIFTH AFFIRMATIVE DEFENSE
### (LACK OF STANDING)

17.     Plaintiff's claims are barred by lack of standing because, upon information and belief, Plaintiff does not own the copyrights at issue and does not have valid certificates of copyright registration for each copyright at issue.

### SIXTH AFFIRMATIVE DEFENSE
### (FRAUD ON THE COPYRIGHT OFFICE)

18.     Plaintiff's claims are barred by Plaintiff's fraud on the Copyright Office because, upon information and belief, Plaintiff misrepresented the authorship and ownership of the copyrights at issue and submitted misleading deposit copies of the photographs

## SEVENTH AFFIRMATIVE DEFENSE
### (LACHES)

19. Plaintiff's claims are barred by the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE
### (WAIVER)

20. Plaintiff's claims are barred by the doctrine of waiver.

## NINTH AFFIRMATIVE DEFENSE
### (ESTOPPEL)

21. Plaintiff's claims are barred by the doctrine of estoppel.

## TENTH AFFIRMATIVE DEFENSE
### (FORFEITURE / PUBLICATION WITHOUT NOTICE)

22. Plaintiff's claims are barred because the photographs have been injected into the public domain by publication without valid copyright notice.

## ELEVENTH AFFIRMATIVE DEFENSE
### (COSTS AND ATTORNEYS' FEES)

23. Plaintiff's claims for costs and attorneys' fees are barred because Plaintiff did not register any claim to copyright prior to the allegedly infringing acts, and otherwise has not complied with the statutory prerequisites of the Copyright Act for such an award.

## TWELFTH AFFIRMATIVE DEFENSE
### (STATUTORY DAMAGES)

24. Plaintiff's claims for statutory damages are barred because Plaintiff did not register any claim to copyright prior to the allegedly infringing acts, and otherwise has not complied with the statutory prerequisites of the Copyright Act for such damages.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (EXEMPLARY DAMAGES)

25. Plaintiff's claims for exemplary damages are barred because the Copyright Act does not provide for exemplary damages, and even if exemplary damages where available Plaintiff cannot establish entitlement to such damages.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (LACK OF PERSONAL JURISDICTION)

26. Plaintiff's claims are barred due to lack of personal jurisdiction. The defendant named and served in this action, Wolfgang's Vault, does not exist as a juridical entity but is merely a trade name used by BGA, which was not named as a party or served.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (STATUTE OF LIMITATIONS)

27. Plaintiff's claims are barred by the applicable statute of limitations.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (INNOCENT INFRINGEMENT)

28. Plaintiff's damages claims are barred by 17 U.S.C. § 405(b).

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (UNCLEAN HANDS)

29. Plaintiff's claims are barred by the doctrine of unclean hands because, upon information and belief, Plaintiff filed fraudulent and misleading applications and deposit copies with the United States Copyright Office for the purpose of instituting this action against BGA.

## PRAYER FOR RELIEF

WHEREFORE, BGA respectfully requests that the Court enter judgment:

1. Denying all relief sought by Plaintiff;

2. Dismissing the Complaint, with prejudice:

3. Awarding BGA its costs, including disbursements and reasonable attorneys' fees pursuant to 17 U.S.C. § 505; and

4. Awarding such other and further relief as the Court may deem just and proper.

Dated: August 1, 2007
      New York, New York

                        MOSES & SINGER LLP

                       By:    s/ Paul M. Fakler
                            Paul M. Fakler (PF-0249)
                            Julie Stark (JS-8925)
                            Amanda J. Schaffer (AS-2004)
                            405 Lexington Avenue
                            New York, New York 10174-1299
                            Tel.: 212-554-7800
                            Fax: 212-554-7700
                            pfakler@mosessinger.com

                            *Attorneys for Defendant,*
                                *Bill Graham Archives, LLC, d/b/a*
                                *Wolfgang's Vault*

**Certificate of Service**

I, Paul M. Fakler, hereby certify that on the 1st day of August, 2006, I served Defendant's Answer by filing the same via ECF and by placing a true and correct copy of the same in the United States Mail for first class delivery to Plaintiff's counsel at:

>Joel L. Hecker, Esq.
>Russo & Burke
>600 Third Avenue
>New York, New York 10016

>_____s/ Paul M. Fakler_____

>Paul M. Fakler

613643v1  099999.0001